**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**

IN RE:

RHONDA NICOLE COATES AND AMY
SHEREE MADDEN-COATES,

CHAPTER 7
CASE NO.: 24-50191

DEBTOR

**AMENDED NOTICE OF OPPORTUNITY FOR HEARING**

TAKE NOTICE that AmeriCredit Financial Services, Inc. dba GM Financial ("GM Financial"), by and through counsel, has filed papers with the Court to seek relief from the automatic stay. A copy of these papers are included with this Notice or copied on the reverse side of this Notice.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to order relief from the automatic stay, or if you want the Court to consider your views on the motion, then on or before 14 days from the date of this Notice, you or your attorney must do three things:

1. **File with the Court a written response requesting that the Court hold a hearing and explaining your position. File the response at:**

   U.S. Bankruptcy Court
   Western District of North Carolina
   401 West Trade Street, Suite 2500
   Charlotte, NC 28202

   If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

   Eudora F. S. Arthur
   Womble Bond Dickinson (US) LLP
   555 Fayetteville Street, Suite 1100
   Raleigh, NC 27601
   *Attorney for AmeriCredit Financial Services, Inc. dba GM Financial*

3. **Attend the hearing scheduled for June 5, 2026 at 9:30 a.m**. at:

U.S. Courthouse
Main Courtroom, First Floor
200 West Broad Street
Statesville, NC 28677

If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD**, and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Dated:  April 27, 2026                    WOMBLE BOND DICKINSON (US) LLP

By:      /s/ Eudora F. S. Arthur
         Eudora F. S. Arthur (NC Bar No. 59854)
         555 Fayetteville Street, Suite 1100
         Raleigh, NC 27601
         Phone: (919) 755-2178
         Email: Dorie.Arthur@wbd-us.com

IN THE UNITED STATES BANKRUPTCY COURT
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

```
------------------------------------------------------- x
In re:                                                  :
                                                        :      Chapter 7
RHONDA NICOLE COATES AND AMY                            :
SHEREE MADDEN-COATES,                                   :      Case No.: 24-50191
                                                        :
                              Debtor.                   :
------------------------------------------------------- x
```

## AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY

Now comes AmeriCredit Financial Services, Inc. dba GM Financial ("GM Financial"), by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "Motion"), Movant shows unto the court as follows:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Western District of North Carolina.

2.      On 5/28/2024 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 to commence the above-referenced case (the "Chapter 7 Case").

3.      Movant is a secured creditor of Debtors as evidenced by that certain Retail Installment Sale Contract dated October 14, 2024 (the "Contract").  The Contract was secured by

a 2020 Infiniti QX60, bearing Vehicle Identification Number 5N1DL0MM8LC525859 (the "Collateral"). A true and correct copy of the Note is attached hereto as **Exhibit "A."**

4. Movant has a perfected security interest in the Collateral, as noted on the face of the Certificate of Title for the Collateral (the "Certificate of Title"). A true and correct copy of the Certificate of Title is attached hereto as **Exhibit "B."**

5. The outstanding balance owed to Movant relative to the Collateral as of the filing of this Motion is Relief from Stay is $29,847.50. The amount owed as of the filing of this Motion is 5,323.49. See Affidavit attached as **Exhibit "C."**

6. Upon information and belief, as of the date of this Motion, the value of the Vehicle is approximately $14,975.00 according to J.D. Power Used CarGuide (the "Valuation"). A true and accurate copy of the Valuation as attached hereto as **Exhibit "D."**

7. Debtor is delinquent on the Contract payments by failing to make the full monthly payment due in August 2025 and all payments due thereafter.

**BASIS FOR RELIEF**

Section 362(d) sets forth the standards for determining whether relief from stay is appropriate. Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)      for cause, including lack of adequate protection of an interest in property of such party in interest;
> (2)      with respect to a stay of an act against property under subsection (a) of this section, if
> > (A)      the debtor does not have an equity in such property; and

(B)     such property is not necessary to an effective reorganization;

11 U. S. C. § 362.

1.     As a result of the Debtors' failure to pay Movant's claim pursuant to the Contract, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because Debtor has failed to provide adequate protection of Movant's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganization as the Debtor is liquidating all non-exempt assets under Chapter 7 of the Bankruptcy Code.

2.     Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization.

3.     If Movant is not granted relief from the automatic stay and permitted to repossess and liquidate the Vehicle, then Movant will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle.

4.     Because the Vehicle must be sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

WHEREFORE, GM Financial prays for the Court to grant the following relief:

1.     To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow GM Financial to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2.      To award GM Financial reimbursement of its attorney's fees and costs to be added to the balance of its claim, if any claims are filed; and

3.      To grant such other and further relief as the court deems just and appropriate.

Dated:  April 27, 2026                WOMBLE BOND DICKINSON (US) LLP

By:  /s/ Eudora F. S. Arthur
       EUDORA F. S. ARTHUR
       N.C. State Bar. No. 59854
       555 Fayetteville Street, Suite 1100
       Raleigh, NC  27601
       Telephone: (919) 755-2178
       dorie.arthur@wbd-us.com

*Attorneys for AmeriCredit Financial Services, Inc. dba GM Financial*

## CERTIFICATE OF SERVICE

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

> Rhonda Nicole Coates
> Amy Sheree Madden-Coates
> 170 Browband St.
> Troutman, NC 28166
> *Debtors*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

> Damon Terry Duncan
> *Attorney for Debtor*
>
> Jimmy R. Summerlin, Jr
> *Chapter 13 Trustee*
>
> Shelley Abel
> *Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and

correct. Dated: April 27, 2026

WOMBLE BOND DICKINSON (US) LLP

By:  /s/ Eudora F. S Arthur
EUDORA F. S. ARTHUR
NC State Bar Number 59854
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for AmeriCredit Financial Services, Inc. dba GM Financial*

**EXHIBIT A**

## RETAIL INSTALLMENT SALE CONTRACT - SIMPLE FINANCE CHARGE
### THIS IS A CONSUMER CREDIT DOCUMENT
(WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| RHONDA NICOLE COATES<br>170 BROWBAND ST<br>TROUTMAN NC 28166 IREDELL | N/A<br>Cell: N/A<br>Email: N/A | LAKE NORMAN INF<br>20435 CHARTWELL CENTER DR<br>CORNELIUS, NC 28031 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2020 | INFINITI QX60 | 5N1DL0MM8LC525859 | Personal, family, or household unless otherwise indicated below<br>☐ business  ☐ agricultural  ☐ N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>This amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 52919.16 |
|---|---|---|---|---|
| 19.20 % | $ 24150.25 | $ 28768.91 | $ 52919.16 | $ 52919.16 |

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 84 | $ 629.99 | MONTHLY   beginning 03/04/2024 |
| N/A | $ N/A | N/A |
| N/A | | |

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of $ 18.00.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**ITEMIZATION OF AMOUNT FINANCED**

1 Cash Price (including $ 5.97 sales tax) $ 24905.97 (1)

2 Total Downpayment =
Trade-in 2021 INFINITI QX50
(Year) (Make) (Model)
Gross Trade-In Allowance $ 25500.00
Less Pay Off Made By Seller to NILT $ 27450.19
Equals Net Trade In $ -1950.19
+ Cash $ N/A
+ Other N/A $ N/A
+ Other N/A $ N/A
+ Other N/A $ N/A
(If total downpayment is negative, enter "0" and see 4I below) $ 0.00 (2)

3 Unpaid Balance of Cash Price (1 minus 2) $ 24905.97 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts).
A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
Life $ N/A
Disability $ N/A
B Vendor's Single Interest Insurance Paid to Insurance Company $ N/A
C Other Optional Insurance Paid to Insurance Company or Companies $ N/A
D Optional Gap Contract $ 799.00
E Official Fees Paid to Government Agencies N/A $ N/A
F Government Taxes Not Included in Cash Price N/A $ N/A
G Government License and/or Registration Fees N/A $ N/A
H Government Certificate of Title Fees $ 94.73
I Other Charges (Seller must identify who is paid and describe purpose)
to NILT for Prior Credit or Lease Balance $ 1950.19
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to LAKE NORMAN INF for ADMINISTRATION FEE $ 799.00
to LAKE NORMAN INF for ELEC REG FILING $ 220.00
to N/A for N/A $ N/A
Total Other Charges and Amounts Paid to Others on Your Behalf $ 3862.94 (4)

5 Amount Financed (3 + 4) $ 28768.91 (5)

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose or you may provide the required insurance through an existing policy owned or controlled by you. Insurance you provide must be acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the Insurance you want and sign below:**

**Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:
Credit Life $ N/A
Credit Disability $ N/A
Insurance Company Name N/A
N/A
Home Office Address N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance pays the unpaid part of the Amount Financed if you die. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance pays the scheduled payments due under this contract while you are disabled. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

**Other Optional Insurance**

☐ N/A N/A
Type of Insurance    Term
Premium $ N/A
Description of Coverage N/A
N/A
Insurance Company Name N/A
N/A
Home Office Address N\A
N\A

☐ N/A N/A
Type of Insurance    Term
Premium $ N/A
Description of Coverage N/A
N/A
Insurance Company Name N/A
N/A
Home Office Address N\A
N\A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.
I want the insurance checked above.

X N/A N/A
Buyer Signature    Date

X N/A N/A
Co-Buyer Signature    Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before N/A, Year N/A. SELLER'S INITIALS N/A

**Returned Check Charge:** You agree to pay a charge of $ 35.00 if any check you give us is dishonored.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term 84 Mos.   TOTAL WARRANTY SV...
Name of Gap Contract

I want to buy a gap contract.
Buyer Signs X Rhonda Coate

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.
Buyer Signs X Rhonda Coate   Co-Buyer Signs X

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ N/A and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.    Buyer Signs X Rhonda Coat   Co-Buyer Signs X
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See back for other important agreements.

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

**You agree to the terms of this contract.** You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs X Rhonda Coate   Date 01/19/24   Co-Buyer Signs X   Date 01/19/24
Buyer Printed Name RHONDA NICOLE COATES   Co-Buyer Printed Name N/A
If the 'business' use box is checked in 'Primary Use For Which Purchased' Print Name N/A   Title N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X N/A   Address
Seller signs LAKE NORMAN INFINITI   Date 01/19/24   By X   Title Finance Director

Seller assigns its interest in this contract to AMERICREDIT FINANCIAL SERVICES (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse   ☐ Assigned without recourse   ☐ Assigned with limited recourse
Seller LAKE NORMAN INFINITI
By X   Title Controller

**LAW** FORM NO. 553-NC-ARB (REV-2020)

**ORIGINAL LIENHOLDER**

OTHER IMPORTANT AGREEMENTS

**1. FINANCE CHARGE AND PAYMENTS**

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

**2. YOUR OTHER PROMISES TO US**

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.** You give us a security interest in:
   - The vehicle and all parts or goods installed in it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on the front of this contract.
If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we obtain a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

**3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
   - You do not pay any payment on time;
   - You give false, incomplete, or misleading information during credit application;
   - You start a proceeding in bankruptcy or one is started against you or your property; or
   - You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** We are an attorney to collect what you owe, you will pay attorney's fees and court costs, as the law allows. The attorney's fee you will pay will be 15% of the amount you owe.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the Annual Percentage Rate, before and after judgment, unless a lower rate is required by law.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4. WARRANTIES SELLER DISCLAIMS**

Unless the Seller makes an express warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**5. Used Car Buyers Guide.** The information you see on the window form for the vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**6. SERVICING AND COLLECTION CONTACTS**

In consideration of our extension of credit to you, you agree to provide us your contact information for our servicing and collection purposes. You agree that we may use this information to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you. You agree to allow our agents and service providers to contact you as agreed above.
You agree that you will, within a reasonable time, notify us of any change in your contact information.

**7. APPLICABLE LAW**

Federal law and the law of the state of North Carolina apply to this contract.

**8. NEGATIVE CREDIT REPORT NOTICE**

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

---

**ARBITRATION PROVISION**
**PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS**

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, any allegation of waiver of rights under this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this Vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator only on an individual basis and not as a plaintiff in a collective or representative action, or a class representative or member of a class on any class claim. The arbitrator may not preside over a consolidated, representative, class, collective, injunctive, or private attorney general action. You expressly waive any right you may have to arbitrate a consolidated, representative, class, collective, injunctive, or private attorney general action. You or we may choose the American Arbitration Association (www.adr.org) or National Arbitration and Mediation (www.namadr.com) as the arbitration organization to conduct the arbitration. If you and we agree, you or we may choose a different arbitration organization. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this transaction was originated. We will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more. You and we will pay the filing, administration, service, or case management fee and the arbitrator or hearing fee over $5,000 in accordance with the rules and procedures of the chosen arbitration organization. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and shall be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate any related or unrelated claims by filing any action in small claims court, or by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual or statutory public injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. You agree that you expressly waive any right you may have for a claim or dispute to be resolved on a class basis in court or in arbitration. If a court or arbitrator finds that this class arbitration waiver is unenforceable for any reason with respect to a claim or dispute in which class allegations have been made, the rest of this Arbitration Provision shall also be unenforceable.



Form No. 553-NC-ARB 10/23

# STATE OF NORTH CAROLINA

**EXHIBIT B**

MVR-191 (Rev. 06/2022)

# CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
|---|---|---|---|
| 5N1DL0MM8LC525859 | 2020 | INFI | MP |

| TITLE NUMBER | TITLE ISSUE DATE | PREVIOUS TITLE NUMBER |
|---|---|---|
| 77375224030338R | 06/04/2024 | 578436221751034 |

MAIL TO

AMERICREDIT FINANCIAL SERVICES INC
PO BOX 182673
ARLINGTON   TX   76096-2673

| ODOMETER READING |
|---|
| 053189 |
| **ODOMETER STATUS** |
| |
| **TITLE BRANDS** |
| |

OWNER(S) NAME AND ADDRESS

RHONDA NICOLE COATES
170 BROWBAND ST
TROUTMAN   NC   28166-8842



The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application, the Division of Motor Vehicles is satisfied that the applicant is the lawful owner. Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens, if any, herein enumerated at the date of issuance of this certificate.

As WITNESS, his hand and seal of this Division of the day and year appearing in this certificate as the title issue date.

*Wayne Goodwin*

COMMISSIONER OF MOTOR VEHICLES

FIRST LIENHOLDER:                    DATE OF LIEN 01/19/2024
AMERICREDIT FINANCIAL SERVICES INC
PO BOX 182673
ARLINGTON   TX   76096-2673

LIEN RELEASED BY:
SIGNATURE
TITLE                                                        DATE

SECOND LIENHOLDER:               DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE
TITLE                                                        DATE

THIRD LIENHOLDER:                 DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE
TITLE                                                        DATE

FOURTH LIENHOLDER:              DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE
TITLE                                                        DATE

ADDITIONAL LIENS:

03868758

38R   T1C38R3

# ANY ALTERATIONS OR ERASURES VOID TITLE

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA

In re:                                          Chapter 7

Rhonda Nicole Coates and Amy Sheree      Bky. No. 24-50191
Madden-Coates,
Debtor(s)

**STATE OF TEXAS**              )
                               ) ss.
**COUNTY OF TARRANT**           )        **AFFIDAVIT**

I, *Angela Lopez*, a Bankruptcy Specialist of AmeriCredit Financial Services, Inc. dba GM Financial, declare under penalty of perjury that I have personal knowledge of the information set forth below, which is true and correct to the best of my knowledge, information, and belief.

1.      This affidavit is based on the loan payment records of AmeriCredit Financial Services, Inc. dba GM Financial as of April 8, 2026. These records are regularly maintained in the course of business and it is the regular practice to make and maintain these records. These records reflect the loan payments that are noted in the records at the time of receipt by persons whose regular duties include recording this information. I maintain these records and regularly use and rely upon them in the performance of my duties.

2.      AmeriCredit Financial Services, Inc. dba GM Financial has a valid, perfected security interest in the following (the "Collateral"): 2020 Infiniti QX60, VIN: 5N1DL0MM8LC525859.

3.      $29,847.50 is the outstanding balance under the contract.

4.      $5,323.49 is the amount of the existing delinquency under the contract.

5.      $14,975.00 is the fair market value of the Collateral.

6.      No appropriate insurance has been verified.

Further your affiant sayeth not.

Dated: *April 13, 2026*

                                      *Angela Lopez*
Subscribed and sworn to before me on this      Printed Name: *Angela Lopez*
*14* day of *April*, 2026              Title: Bankruptcy Specialist
                                      Creditor: AmeriCredit Financial Services,
                                      Inc. dba GM Financial

Notary Public
My commission expires: *7/28/2029*



CARLA GIBBS-TALLEY
Notary Public
STATE OF TEXAS
Notary ID # 12537813-4
My Comm. Exp. July 28, 2029

JD**POWER**

**EXHIBIT**

**D**

4/8/2026

## JD Power Used Cars/Trucks

## Vehicle Information

| | |
|---|---|
| **Vehicle:** | **2020 Infiniti QX60 Utility 4D Pure AWD 3.5L V6** |
| **Region:** | **Midwest** |
| **Period:** | **April 8, 2026** |
| **VIN:** | **5N1DL0MM8LC525859** |
| **Mileage:** | **82,500** |
| **Base MSRP:** | **$46,350** |
| **Typically Equipped MSRP:** | **$47,375** |

## JD Power Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Monthly Used** | | | | |
| Rough Trade-In | $10,000 | N/A | N/A | **$10,000** |
| Average Trade-In | $11,800 | N/A | N/A | **$11,800** |
| Clean Trade-In | $13,300 | N/A | N/A | **$13,300** |
| | | | | |
| Clean Loan | $11,975 | N/A | N/A | **$11,975** |
| Clean Retail | $14,975 | N/A | N/A | **$14,975** |

JD Power Used CarGuide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report. ©2026 JD Power